UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE LOVE and MELINDA THOMAS, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES W. WHITE and SULEN MADEROS, <br><br> Defendants. | No. 2:21-cv-00045-TLN-AC <br><br> **SUA SPONTE REMAND ORDER** |

This matter is before the Court on Defendant James W. White's ("Defendant") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1–2.) For the reasons set forth below, Defendant's Motion to Proceed in Forma Pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS the action to the Superior Court of California, County of Sacramento, due to lack of subject matter jurisdiction.

///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On February 5, 2020, Plaintiffs Yvonne Love and Melinda Thomas (collectively, "Plaintiffs") brought an action for unlawful detainer against Defendants James W. White and Sulen Maderos for possession of real property known as 5533 Hamilton Street, Sacramento, California 95842 (the "Property"). (ECF No. 1 at 12.) On January 11, 2021, Defendant filed a Notice of Removal removing this unlawful detainer from the Sacramento County Superior Court. (*See id.*)

### II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

Federal question jurisdiction is set forth in 28 U.S.C. § 1331. *See* 28 U.S.C. § 1331. The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 386. Federal question jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

///

///

### III. ANALYSIS

Defendant removed this action on the basis of federal question jurisdiction. (ECF No. 1 at 3–5.) To support his claim of federal question, Defendant cites to paragraph four of Plaintiffs' "Mandatory Cover Sheet and Supplemental Allegations" (*Id.* at 6–10), under which Plaintiffs have noted that Defendant "has not provided a statement under penalty of perjury for the Centers for Disease Control and Prevention's ["CDC"] Order for *Temporary Halt in Evictions to Prevent Further Spread of COVID-19* (85 Federal Register 55292)" and that this action "does not seek possession of a dwelling unit in property that has a federally backed multifamily mortgage for which forbearance has been granted under title 15 United States Code [§] 9057." (*Id.* at 3, 8.) Defendant seems to suggest federal question jurisdiction exists because a federal regulation (85 Fed. Reg. 55292) and a federal law (15 U.S.C. § 9057) are quite literally referenced on the face of Plaintiffs' cover sheet for their unlawful detainer action. 85 Fed. Reg. 55292 is an Order issued by the CDC under § 361 of the Public Health Service Act that is a temporary eviction moratorium to prevent the further spread of COVID-19, and it is effective September 4, 2020 through December 31, 2020. 85 Fed. Reg. 55292 (Sept. 4, 2020). 15 U.S.C. § 9057 provides for a multifamily borrower with a federally backed multifamily mortgage loan experiencing hardship due to the COVID-19 emergency to request a forbearance. 15 U.S.C. § 9057.

Despite Plaintiffs' assertion, it is clear the Complaint itself contains only a single claim for unlawful detainer. (ECF No. 1 at 12–14.) The instant Complaint therefore relies solely on California state law and does not state any claims under federal law. Based on the well-pleaded complaint rule as articulated above, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 386. To the extent that Defendant asserts that references to 85 Fed. Reg. 55292 and 15 U.S.C. § 9057 on Plaintiffs' standardized cover sheet (UD-101) provided to litigants by the Judicial Council of California amounts to federal question jurisdiction (ECF No. 1 at 4), he is incorrect. Plaintiffs' claim is not being brought pursuant to either 85 Fed. Reg. 55292 nor 15 U.S.C. § 9057 and the cover sheet notes only that these provisions do not apply. Even if they did apply, however, it does not appear as though they would be part of Plaintiffs' claim, but rather

Defendant's defense.  For Plaintiffs' suit to "arise under" federal law, Plaintiffs' "statement of [their] own cause of action" must "show[] that it is based upon [federal law]." *See Vaden*, 556 U.S. at 60–62.

Because the Complaint indicates that the only cause of action is one for unlawful detainer, which arises solely under state law, this action does not arise under federal law.  As there is no apparent grounds for federal jurisdiction, it is appropriate to remand this case, *sua sponte*, for lack of federal subject matter jurisdiction.  *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

### IV.  CONCLUSION

For the reasons stated above, Defendant's motion to proceed in forma pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS this action to the Superior Court of California, County of Sacramento.

IT IS SO ORDERED.

DATED:  January 13, 2021

Troy L. Nunley
United States District Judge